IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL VENTURA DELGADO, | § | |
|     TDCJ-CID NO.1185537, | § | |
|         Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-3851 |
| | § | |
| NATHANIEL QUARTERMAN,[1] | § | |
|         Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Daniel Ventura Delgado, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder. (Docket Entry No.1). Respondent filed a motion for summary judgment, arguing that petitioner is not entitled to habeas corpus relief under § 2254. (Docket Entry No.9). Petitioner has filed a response to the motion. (Docket Entry No.10). After considering all the pleadings, motions, the relevant state court records, and the applicable law, the Court will grant respondent's motion for summary judgment and dismiss this case.

I. PROCEDURAL HISTORY

A Texas grand jury indicted petitioner in cause number 547689, charging him with the 1989 murder of complainant Hilario Martinez. (Docket Entry No.7, Part 15, page 8; *Delgado v. State*, No. 14-03-00852-CR, Clerk's Record at 2). Petitioner entered a plea of *nolo contendere* to the charge in the 182nd Criminal District Court of Harris County, Texas. (Docket Entry No.1). After reviewing petitioner's pre-sentence investigation report and hearing argument, the state district court

---

[1] Petitioner named Douglas Dretke, Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), as respondent. On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director; therefore, the Court ORDERS the Clerk to substitute Nathaniel Quarterman as respondent in this case.

accepted petitioner's plea, found sufficient evidence to support the charge, and sentenced him to thirty years confinement in TDCJ-CID. (Docket Entry No.7, Part 13, pages 26-27; Part 5, pages 20-27). Petitioner's conviction was subsequently affirmed on direct appeal on November 27, 2002, and his petition for discretionary review refused. (Docket Entry No.7, Part 3, pages 14-17; *Delgado v. State*, No. 14-03-00852-CR (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd.)). Petitioner also sought collateral relief by a state habeas application. (Docket Entries No.1, No.7, Part 1, pages 8-15; *Ex parte Delgado*, Application No.547689-A). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing. (Docket Entries No.1, No.7, Part 1, page 3; *Ex parte Delgado*, Application No.62,643-01 at cover).

Petitioner seeks federal habeas relief on the following grounds:

1. His plea was involuntary because his trial counsel did not render reasonably effective assistance of counsel;

2. He was denied the effective assistance of counsel because counsel did not seek out and interview the State's key witnesses, did not ensure that petitioner was properly admonished by the appointed interpreter, and did not withdraw petitioner's plea of *nolo contendere* after petitioner maintained his innocence.

(Docket Entry No.1).

Respondent seeks summary judgment on the ground that petitioner has not met his burden of proof under 28 U.S.C. § 2254(d) that would entitle him to federal habeas relief. (Docket Entry No.9).

II. STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of

2

informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of he prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that

4

is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

III. ANALYSIS

Under Texas law, a plea of *nolo contendere* has the same legal effect as a guilty plea. TEX. CODE CRIM. PROC. art. 27.02(5) (Vernon 1989). A plea of *nolo contendere* is treated as an

admission of guilt and the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*. *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990).

Petitioner contends that his *nolo contendere* plea was involuntary because his trial counsel did not seek out and interview the States' witnesses. (Docket Entry No.1). Petitioner speculates that because the murder occurred in 1989, the State might not be able to produce witnesses to testify to his guilt; yet his trial counsel did not attempt to locate or contact the State's witnesses to determine the strength of the State's case against him. (*Id.*). Petitioner maintained in the pre-sentence investigation report that he was not guilty of murder but that he entered a guilty plea "because [he was] afraid and because [he did not] have money to pay for a good defense." (Docket Entry No.7, Part 6, page 19). Petitioner also contends his trial counsel was ineffective because he did not ensure that petitioner was properly admonished by the court appointed interpreter, and did not file a motion to withdraw his plea after petitioner maintained his innocence. (Docket Entry No.1).

Respondent maintains that petitioner's plea was voluntary and knowing and that his ineffective assistance of counsel claims are either waived by his plea or are conclusory and lack merit. (Docket Entry No.9, page 12).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). Therefore, in the context of a guilty plea, a petitioner alleging ineffective assistance of counsel may attack counsel's performance only as it relates to the voluntariness of his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The record reflects that on May 13, 2003, the first day of trial, petitioner entered a plea of no contest following voir dire examination. (Docket Entry No.7, Part 5, page 4). The plea hearing was not recorded. (*Id.*). On the same day, petitioner signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, in which he stated that he understood the allegations and confessed they were true. (Docket Entry No.7, Part 6, page 6). Petitioner also

7

initialed and signed written plea admonishments, which show that petitioner was admonished about the range of punishment. (*Id.*, pages 7-9). In the Statements and Waivers of Defendant, petitioner indicated by initial that he was mentally competent and understood the nature of the charge against him, the admonishments given by the court, the consequences of his plea, and that his plea was freely and voluntarily made. (*Id.*, pages 10-11). He further indicated by the same that the plea papers were read and explained to him in Spanish by his attorney and an interpreter, and that he consulted fully with his attorney before he entered the plea. (*Id.*, page 11). Petitioner, his trial counsel, the prosecutor, and the presiding judge signed this document. (*Id.*).

On July 14, 2003, the state district court heard objections and arguments with respect to the pre-sentence investigation report. (*Id.*, Part 5, page 17-27). Petitioner's trial counsel asked the state district court to consider deferred adjudication. (*Id.*, at page 23). The court denied the motion, adjudicated petitioner's guilt, and assessed punishment. (*Id.*, at 26). Ten days after petitioner was convicted and sentenced, he filed a *pro se* motion to withdraw his plea of *nolo contendere* on the ground that he did not fully understand the outcome of such plea and that he had followed the advice of his attorney, who gave him false information and "misrepresented" him. (*Id.*, Part 13, page 38). On the same day, the state district court appointed new counsel to represent petitioner on appeal. (*Id.*, page 34).

Pursuant to an order by the state district court, sitting as a habeas court, petitioner's trial counsel submitted an affidavit in which he attested that he speaks fluent Spanish and that he communicated with petitioner in Spanish. (Docket Entry No.7, Part 2, pages 6-7). Counsel further attested that he thoroughly discussed the plea papers and admonishments with petitioner and questioned him regarding his understanding of the same. (*Id.*, page 7). Counsel also attested that he advised petitioner about the consequences of entering a plea and the applicable range of

punishment. (*Id.*). Counsel attested that he witnessed the interpreter, whose translation skills he knew to be excellent, go over the plea papers with petitioner. (*Id.*). Counsel opined that petitioner had no trouble understanding the contents of the plea papers and the plea proceeding. (*Id.*). Counsel further opined that "[i]t was the applicant's decision to plead on the day of trial, and I believe that he understood the full consequences of his plea after my thorough explanation." (*Id.*).

Petitioner's trial counsel also attested that petitioner never requested that he withdraw his plea or file a motion for new trial. (Docket Entry No.7, Part 2, page 7).

The state district court entered findings of fact and conclusions of law, in which the court found that petitioner failed to show that counsel's conduct was deficient or prejudicial and that the totality of representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. (*Id.*, page 11). The state district court further found that petitioner failed to overcome the presumption that his guilty plea was knowing and voluntary and that the plea was knowing and voluntary. (*Id.*, pages 11-12).

Petitioner submits no evidence to support his claim that his trial counsel failed to investigate the strength of the State's case by attempting to contact and interview the State's witnesses and trial counsel's affidavit is silent with respect to the pre-plea investigation. Moreover, petitioner does not show that he was prejudiced by counsel's failure. "Mistakes in calculating the strength of the state's case have been declared insufficient to render the plea unintelligent or involuntary." *Matthew v. Johnson*, 201 F.3d 353, 369 (5th Cir. 2000) (citing *Brady v. United States*, 397 U.S. 742, 757 (1970)). The fact that the State might not be able to locate witnesses to testify against petitioner does not impugn the truth or reliability of petitioner's plea in light of the record before this Court. *See Brady*, at 758. Petitioner entered a plea in open court without an agreed punishment and he initialed and signed plea papers, in which he attested that he entered the plea knowingly and

voluntarily. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Moreover, petitioner fails to present any evidence to contravene trial counsel's affidavit that counsel and a qualified interpreter explained the plea papers, admonishments, and waivers to petitioner in Spanish and that petitioner understood the proceedings and the papers that he signed. He further fails to present any evidence that he asked trial counsel to withdraw his plea. Based on this record, the Court finds that petitioner's pleadings fail to rebut the findings of the state habeas court that petitioner's trial counsel rendered reasonably effective assistance of counsel and that petitioner entered a knowing and voluntary plea.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny

a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.7) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, this 21st day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE